**UNITED STATES of America, Plaintiff,**

v.

**Billy Lee MERRILL, Shelly Merrill, Wachovia Bank, and Bank of America, Defendants.**

No. 4:06–CV–213–FL.

United States District Court, E.D. North Carolina, Eastern Division.

June 4, 2009.

Anne E. Blaess, U.S. Dept. of Justice/Tax Division, Washington, DC, for Plaintiff.

Billy Lee Merrill, Ayden, NC, pro se.

Shelly Merrill, Ayden, NC, pro se.

## ORDER

LOUISE W. FLANAGAN, Chief Judge.

This suit to enforce a federal tax lien comes now before the court upon motion of the government for relief from order and judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

## STATEMENT OF THE CASE

On October 2, 2006, the United States of America, plaintiff herein, filed suit seeking to reduce to judgment federal income tax, penalty, and interest assessments against defendant Billy Lee Merrill of or relating to tax years 1993 and 1994 in the total amount of $169,989.91 as of June 15, 2006, plus interest and costs. This suit also was brought to foreclose related tax liens filed with the Pitt County Clerk of Court January 13, 1997, against real property in Pitt County, North Carolina, owned by the individual defendants. The bank defendants were named pursuant to complaint filed on behalf of plaintiff by Jonathan D. Carroll, of the Tax Division of the United States Department of Justice, because of potential interest in the subject real property pursuant to deeds of trust variously recorded in September 2003, on behalf of Wachovia Bank, and May 2005, on behalf of Bank of America.

The individual defendants, proceeding *pro se*, after securing several time extensions including for the stated purpose of furthering settlement efforts, timely filed answer May 7, 2007, admitting indebtedness of defendant Billy Lee Merrill. In the answer, the individual defendants made reference to several prior attempts to settle this indebtedness, but they protested the validity of any tax lien on the subject real property. It appears that in spring 2007, Anne E. Blaess, of the Tax Division of the United States Department of Justice, became involved and the government's prior attorney removed himself. At least one of the motions for time extension was served upon her, as was the individual defendants' answer. On May 23, 2007, the government accomplished a formal substitution of attorney on the record.

On June 15, 2007, the plaintiff requested entry of default against the bank defendants. The clerk of court entered defaults as requested on June 26, 2007. On June 20, 2007, the court entered an initial order regarding case planning and scheduling, requiring a Rule 26(f) conference between the parties within twenty-one days, the parties' initial disclosures to be made not later than fourteen days thereafter or by July 25, 2007, and provision to the court also not later than July 25, 2007 of the parties' joint report and plan. The parties timely filed their joint report, and the court adopted their proposed deadlines in the case management order entered July 31, 2007.

Among other things, discovery was asserted as necessary to determine the tax assessment dates and the priority of liens. In accordance with the parties' proposed deadlines, the court ordered all discovery to be commenced or served in time to be completed by February 15, 2008, any motion for leave to join additional parties to be filed by August 10, 2007, and any motion for leave to amend the pleadings to be filed by September 14, 2007. Potentially dispositive motions were ordered to be filed by March 14, 2008.[1] The court set the case for a non-jury trial on the court's docket for that civil term of court

---

1. Both the joint report and plan filed by the parties and the case management order contain

typographical error naming March 14, 2007 as the deadline for filing dispositive motions.

beginning July 21, 2008, at the United States Courthouse, New Bern, North Carolina.

In the case management order, the court also noticed that pursuant to Federal Rule of Civil Procedure 16(d), a final pretrial conference would be scheduled before the undersigned at the United States Courthouse, New Bern, North Carolina at a date and time approximately two weeks in advance of trial pursuant to notice of the clerk of court which would issue approximately two months prior to the trial term. Its order included admonition that "[c]ounsel and/or any *pro se* litigant should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the final pretrial conference. Specifically, failure to complete discovery work is not a ground for a continuance."

The court's order previewed that at the final pretrial conference the court would, among other things, rule upon any dispute concerning the contents of the final pretrial order, and rule upon contested issues of law, anticipated evidentiary objections, and motions in limine, to the extent possible in advance of trial. Where these types of questions or issues reasonably could be anticipated, memoranda or motion as applicable, contemplated by Local Civil Rule 39.1(a), EDNC, was required to be filed fourteen days prior to the final pretrial conference. The court stated that it would also preview proposed findings of fact and conclusions of law, marked if possible to indicate matters in dispute, required to be filed seven days prior to the final pretrial conference, and that parties should include among their submissions to chambers seven days prior to the final pretrial conference copies of all exhibits, properly bound. The agenda for the final pretrial conference and associated deadlines stemmed in large part also from activities contemplated in the court's local rules. To the extent there was some deviation from the deadlines, the parties were admonished about the necessity for adherence to the court's time requirements as set forth in the case management order which also provided that the final pretrial conference presented "the final opportunity to prevent wasting trial time on pointless or undisputed matters,"

where the court reiterated this as the focus for the conference before the undersigned.

Not later than seven days prior to the final pretrial conference, the parties were ordered to submit to chambers (but not file) the parties' proposed pretrial order in accordance with Local Civil Rule 16.1, EDNC, which makes it the responsibility of plaintiff's counsel to arrange for the conference between the parties necessary for preparation of the final pretrial order. Local Civil Rule 16(b)(2), EDNC. It is the responsibility of all parties represented by counsel, unless otherwise ordered, to prepare and present the proposed order to the court. Specifically, this part of the Local Civil Rule 16, EDNC, concerning conduct of the final pretrial conference provides:

**Conduct of the Final Pre–Trial Conference.**

(1) Purpose. To resolve any disputes concerning the contents of the pre-trial order.

(2) Preparation. Counsel shall be fully prepared to present to the court all information and documentation necessary for completion of the pre-trial order. Failure to do so shall result in the sanctions provided by this local rule.

(3) Sanctions. Failure to comply with the provisions of Local Civil Rule 16.1(d)(2) may result in the imposition of a monetary fine not to exceed $250.00 against the offending counsel and may result in any other sanction allowable by the Federal Rules of Civil Procedure against the parties or their counsel.

(4) Counsel for all parties shall be responsible for preparing the final pre-trial order and presenting it to the court properly signed by all counsel at a time designated by the court. Upon approval by the court, the original shall be filed with the clerk. Failure to provide a unified pre-trial order may result in sanctions being imposed against all parties to the action.

The court's case management order, it was provided, would not be modified except by leave of court upon a showing of good cause. Moreover, the court ordered that all requirements set forth in the court's Local Rules governing pretrial and trial procedures not

altered by the court were to be strictly observed.

The court's docket is devoid of any recorded activity from date of entry of the case management order until January 8, 2008, when a document entitled "Disclosures" was filed by the individual defendants. The deadline for filing dispositive motions elapsed March 14, 2008, with no such motion being filed. On March 17, 2008, a late motion requesting time extension up to and until May 16, 2008 was filed. The motion filed by plaintiff was characterized as a joint one, and made mention of ongoing settlement activities. The court allowed the motion.

Four days before the extended period expired, the individual defendants filed motion to compel discovery responses with supporting memorandum and exhibits. The motion made reference to defendant Billy Lee Merrill's January 8, 2008 written discovery requests and repeated efforts directed towards plaintiff's counsel, Anne E. Blaess, by certified mail, telephone, and through electronic mail ("e-mail") to secure responses during the months of February, March, and April 2008.

By letter dated February 27, 2008, defendant Billy Lee Merrill noted the government's failure to respond where "[a]s of the date of this letter I have not received neither [sic] the documents nor any explanation for there [sic] delay," In their motion, the individual defendants detail the subject matter of a March 12, 2008 telephone conversation initiated by defendant Billy Lee Merrill it appears with the attorney, Anne E. Blaess, during which defendants agreed to support the time extension sought by plaintiff for the filing of any dispositive motion, due March 14, 2008. A copy of the attorney's e-mail transmittal to defendant Billy Lee Merrill was included, reiterating a promise March 14, 2008, to "put the responses to your discovery request in the mail [on Monday, March 17, 2008]." This was followed by her e-mail dated March 17, 2008, wherein she commented "[o]nce you receive my discovery responses we will talk again and see what we might be able to work out." Sixteen days after the attorney promised to mail the discovery responses, on April 2, 2008, defendant

Billy Lee Merrill, still without any responses in discovery, made contact again via e-mail wherein he stated "[j]ust checking to see how far along you have gotten in securing the documents we requested in January? Please send us those that are available and a date we may expect the remainder." He repeated similar request a week later it appears, met with a second apology and promise by the attorney, Anne E. Blaess, "to get everything to you early next week." Again, no documents in discovery were forthcoming.

Throughout the period the defendants were attempting to work with the government, and repeatedly were reassured that answers in discovery would be forthcoming together with some effort on the part of the government to act to resolve issue or issues in dispute without resort to further litigation, counsel for the government, Anne E. Blaess, variously relied on her work load, office computer failure, delay of another (the Internal Revenue Service), her travel schedule, and family issue to excuse the government's failure to comply with the Federal Rules of Civil Procedure and this court's order. In March 2008, the attorney offered as excuse for her failure to respond to discovery requests propounded January 8, 2008, a court hearing "which took a much larger time that [sic] I had anticipated." In April, her reason for delay was blamed on a "network crash [ ] last week and I haven't been able to access my email or any documents [and] I was waiting on a further response from the Service to one of your requests ..." She referenced being out of the office for some brief time and that "[I] should get everything to you early next week. I will overnight it." In May, her excuse was that she had been dealing with a family situation on the West Coast "for the past several weeks." While she had secured her late requested time extension with consent of defendants during the same period, she offered her assurance "that I am not trying to take advantage of you or the situation to my benefit. I will get the documents to you as quickly as possible so that we can move forward with this case."

Before the motion to compel filed May 12, 2008 ripened, of its own initiative the court took note that the extension of time request-

ed for filing any motion for summary judgment, up to and until May 16, 2008, necessitated trial extension, and the court set the case for bench trial at the term commencing September 22, 2008. On June 3, 2008, the government filed a late response to the defendants' motion to compel, urging that the motion should be denied because it had responded to the discovery served in January "as of this date." The undersigned referred the motion to the magistrate judge, who denied the motion. While rightly noting the delay by defendants in making the motion, the magistrate judge's order neglected also to comment on the government's repeated unfulfilled promises to provide the discovery. The time within which to file any dispositive motion ultimately passed with no motion being filed, and through notice issued July 23, 2008, the court set the case for final pretrial conference on September 17, 2008.

Disclosures previously noted as being due in advance of the final pretrial conference, pursuant to court order and the local rules, were not made. On September 17, 2008, the parties presented themselves for the final pretrial conference as noticed, with plaintiff appearing through counsel and the individual defendants in person. Counsel for the government was entirely unprepared, without reason, except to say she had been out of the office for some extended period. There appeared no effort by the government's lawyer to initiate any conference with the individual defendants as required for the purpose of preparing a proposed final pretrial order. None of the submissions ordered by the court in its case management order were tendered to it. The record evidenced effort by defendants to advance the case but, besides the filing of the complaint October 2, 2006, little on the part of plaintiff to move the action towards a resolution on the schedule ordered by the court.

The time to move to amend the complaint or to name additional parties had long since expired, but at final pretrial conference,

counsel for the government offered that maybe she did not name some necessary parties, and that someone in her office was researching now whether the trustees for the creditor defendants with secured interests in property sought to be foreclosed also should have been sued. The time for filing any dispositive motion after the government's late request for time extension was allowed had expired four months earlier, in May. Remarkably, at the conference, a mere five days prior to the scheduled start of trial, the government stated through counsel that it would likely file a motion for summary judgment against defendant Billy Merrill if settlement efforts were not successful.

Among other things, the court noted that the government had been late even in responding to the defendants' motion to compel, wherein defendants complained of the government's repeated failure to respond to discovery requests propounded in early January. Cases are not managed in this district in the way the government sought to prosecute its claims. The court announced in order that followed, characterizing the government's conduct as a disgrace, and in defiance of the court's charge to secure the just, speedy, and inexpensive determination of every action before it, that having decided upon further and final reflection on the matters transpiring at conference and on the record of this case, dismissal was warranted.[2] The government's willful failure to comply with court orders and directives, with the disclosure requirements of the Federal Rules of Civil Procedure, and with the local rules of this district, compelled the result. It is this decision that plaintiff seeks to set aside under Rule 60(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

In order to obtain relief from a final judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure, a moving

---

**2.** The order dismissing the case did not state explicitly that dismissal was without prejudice, but that any related case filed by the government in this district in the future should be assigned to a different district judge. The government apparently understood that the court intended the dismissal to be without prejudice, as it argues in the instant motion that only the expiration of the statute of limitations prevents the government from filing a new action to collect the tax liabilities at issue.

party must first demonstrate that his motion is timely, that he has a meritorious argument to support his claim, that the opposing party would not be unfairly prejudiced by setting aside the judgment, and that exceptional circumstances justify relief.[3] *See, e.g., Werner v. Carbo,* 731 F.2d 204, 206–07 (4th Cir.1984); *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir.1979). Once a moving party makes this threshold showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b). *Id.*

■ While Rules 60(b)(1)-(5) enumerate five narrow circumstances in which relief may be appropriate, Rule 60(b)(6) is an open-ended provision that permits a court to grant relief from a judgment or order for "any other reason that justifies relief." Fed. R.Civ.P. 60(b)(6). Courts in this circuit interpret Rule 60(b)(6) narrowly, granting relief only under "extraordinary circumstances." *See Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 118 (4th Cir.2000); *Neumann v. Prudential Ins. Co. of Am.,* 398 F.Supp.2d 489, 492 (E.D.Va.2005). "[T]he relief of vacatur is equitable in nature," *Valero,* 211 F.3d at 118, and the decision to grant or deny a Rule 60(b)(6) motion, as with all Rule 60 motions, is committed to a district court's sound discretion. *See Nat'l Org. for Women v. Operation Rescue,* 47 F.3d 667, 669 (4th Cir.1995) (per curiam); *Neumann,* 398 F.Supp.2d at 492.

In the instant case, the court need not decide whether the government has satisfied the threshold showings of timeliness, a meritorious argument to support its claim, and lack of unfair prejudice, because the government can not show that exceptional or extraordinary circumstances justify relief. The government argues that it is entitled to relief because the court's order entered September 18, 2008 improperly dismissed the action un-der Federal Rule of Civil Procedure 41(b)[4], and that the applicable statute of limitations precludes the government from filing a new action to collect the tax liabilities at issue. Although the result of the court's order and judgment is admittedly harsh, there are no extraordinary circumstances which justify setting them aside.

■ To the extent the court's order dismissing the case failed to fully articulate its reasoning for doing so, the court does so now. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). Such a dismissal operates as an adjudication on the merits, unless, as here, the dismissal order states otherwise. *Id.* Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631–33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *McCargo v. Hedrick,* 545 F.2d 393 (4th Cir.1976). The court may dismiss an action under Rule 41(b) even without affording notice of its intention to do so or providing an adversarial hearing before acting. *Link,* 370 U.S. at 633, 82 S.Ct. 1386. Because dismissal is a severe sanction not to be lightly invoked, a court must consider four factors in determining whether to dismiss an action under Rule 41(b): "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978) (citation and quotations omitted).

---

3. Not all courts require movants to show the fourth threshold condition of "exceptional circumstances." *E.g., Nat'l Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 264 (4th Cir.1993); *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987). This distinction is not relevant in the instant case, however, because, as discussed below, relief under Rule 60(b)(6) requires a showing of extraordinary circumstances in any event.

4. The dismissal order also noted the government's failure to adhere to the disclosure requirements of the Federal Rules of Civil Procedure. Dismissal as a sanction to enforce the discovery rules is covered by Rule 37 of the Federal Rules of Civil Procedure. Because dismissal was fully justified based on the government's failure to follow the court's orders and directives, however, the court limits its discussion to Rule 41(b).

■ As for the first factor, the degree of personal responsibility on the part of the plaintiff, the court finds the government's argument that it should not be held responsible for the failures of its attorney to be unavailing. Plaintiff's complaint was filed on October 2, 2006, by attorney Jonathan D. Carroll, of the United States Department of Justice. Thereafter, on May 23, 2007, attorney Anne E. Blaess formally noticed her appearance as counsel of record for the government. As discussed in detail above, the docket reflects virtually no case activity between the entry of the court's case management order on July 31, 2007, and the final pretrial conference on September 17, 2008, except for motion to compel filed by defendants after the government's repeated failure to respond to discovery requests throughout January, February, March, April, and May 2008, and the motion, filed late, to extend the deadline for filing of dispositive motions. Moreover, the government was entirely unprepared for the final pretrial conference, in defiance of this court's order. Throughout this period, when failures by the government's counsel should have been apparent, the United States of America made no effort to appoint a new attorney to handle the matter.[5] The government has provided no basis for separating its culpability from that of the attorney representing it, and the court is unaware of any reason to do so. Indeed, were the court to fully credit the government's argument, then the government would never be responsible for the neglect of its attorneys.

■ The court also finds that despite the government's argument to the contrary, the individual defendants suffered prejudice due to the government's delay and failure to adhere to the deadlines ordered by the court.

The record reflects defendant Billy Lee Merrill's repeated efforts to secure the government's compliance with discovery requests, and his efforts to resolve the matter without resort to further litigation. Although defendants were proceeding *pro se* and therefore did not expend funds on an attorney, they nonetheless expended time and energy attempting to advance their interests in the litigation, all in the face of the government's noncompliance and delay. The government's delayed responses in discovery handicapped defendants' ability to prepare for trial, and hindered their ability to make an informed choice about whether to risk trial or push, again, for settlement. The government's failure to arrange for conference for purposes of preparing the final pretrial order, as required by Local Civil Rule 16.1, EDNC, also prejudiced defendants. Such behavior by the government can not be excused on the grounds that a litigant has been unable to obtain services of an attorney.

■ The third factor, the presence of a drawn out history of deliberately proceeding in a dilatory fashion, strongly supports the dismissal of this action. The court will not again summarize the government's failures, but makes reference to the history outlined above, especially its repeated promises to the defendants to comply with discovery requests, followed by its failure to follow through, and the government's complete lack of preparation for the final pretrial conference. The government willfully failed to comply with the deadlines set forth in the court's case management order, and, on the eve of trial, indicated that it still intended to amend the pleadings, add additional parties, and perhaps file motion for summary judgment, even though the time for making such motions had long since expired.[6] This con-

---

5. As the Supreme Court has stated:
   There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.
   *Link,* 370 U.S. at 633–34, 82 S.Ct. 1386 (citation and quotation omitted).

6. The court notes that because the time for making these motions had long since expired, the government could not merely have filed these motions, as counsel indicated it intended to do, but would instead have had to file motion for leave to amend the scheduling order and to file

duct by the government was without excuse and defied this court's charge to secure the just, speedy, and inexpensive determination of the action.

■ Finally, sanctions less severe than dismissal would not have been effective in assuring the prompt disposition of this case or in discouraging similar conduct in the future. Trial in this matter was set to commence on September 22, 2008, just five days after the pretrial conference at which the government indicated that it still might seek to amend its pleadings, perhaps naming a necessary party it had failed earlier to name, and that it still intended to seek summary judgment should settlement efforts prove unsuccessful. Sanctions or monetary fines against the government's attorney would not, so close to trial, have cured the prejudice to defendants resulting from the government's delay and noncompliance. In the court's view, dismissal was the most appropriate response in this matter, which had been characterized by the government's missteps and delay from its very inception. That the ten-year statute of limitations may now have run, precluding the government from filing a new action to collect the tax liabilities at issue, does not alter the court's decision.

## CONCLUSION

For the reasons set forth herein, the government's motion for relief from the order and judgment entered September 18, 2008 is DENIED.

out of time. Any such motion could not have been granted, because on the record of this case, the government could not have demonstrated excusable neglect for failing to act before the time expired. *See* Fed.R.Civ.P. 6(b)(1)(B); *see* *also Thompson v. E.I. DuPont de Nemours & Co., Inc.,* 76 F.3d 530, 534 (4th Cir.1996) (" 'Excusable neglect' is not easily demonstrated, nor was it intended to be.").